Henry F. Bailey, Jr. #5-1681
Bailey, Stock & Harmon, P.C.
P.O. Box 1557
Cheyenne, WY 82003-1557
(307) 638-7745
(307) 638-7749

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| KAISER P. CUNNINGHAM, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 15 CV 48 F |
| v. | ) | |
| | ) | |
| WYOMING HEALTH FAIRS, INC., a | ) | |
| domestic corporation, VICKI | ) | |
| PIRAYESH, an individual, TEL | ) | |
| BIRDSLEY, an individual, and SETH | ) | |
| PERRITON, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT

For their answers to Plaintiff's Complaint, Defendants state as follows:

### JURISDICTION

1.     Defendants admit the allegations of paragraph 1 of Plaintiff's Complaint.

2.     Defendants admit the allegations of paragraph 2 of Plaintiff's Complaint.

3.     With respect to paragraph 3 of the Complaint, Defendants admit that venue is proper in the State of Wyoming, but deny any unlawful employment practices.

4.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

### PARTIES

5.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.     Defendants admit the allegations of paragraph 6 of the Complaint.

7.     Defendants admit the allegations of paragraph 7 of the Complaint.

8.     Defendants admit the allegations of paragraph 8 of the Complaint.

9.     Defendants admit the allegations of paragraph 9 of the Complaint.

10.     Defendants admit the allegations of paragraph 10 of the Complaint.

### FACTS RELEVANT TO ALL CLAIMS

11.     Defendants admit the allegations of paragraph 11 of Plaintiff's Complaint.

12.     Defendants admit the allegations of paragraph 12 of Plaintiff's Complaint.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14.     Defendants admit generally that statements similar to those set forth in paragraph 14 may have been made, but Defendants deny they were racially motivated and deny any intent to harass or discriminate against Plaintiff.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of Plaintiff's Complaint.

16.     Defendants admit that statements similar to those set forth in paragraph 16 may have been made, but Defendants deny the statements were racially motivated or were intended to harass or discriminate against the Plaintiff.  Defendants further deny that Defendant Birdsley heard comments that required his intervention.

17.     Defendants admit that Defendant Birdsley introduced Plaintiff in Ten Sleep, Wyoming, but Defendants deny the remaining allegations in paragraph 17 of the Complaint.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, affirmatively asserting, however, that Plaintiff never brought any of his 'feelings' concerning the alleged comments to Defendants' attention.

19.     Defendants admit generally the allegations in paragraph 19 of Plaintiff's Complaint, affirmatively asserting that any and all comments were not racially motivated and were never intended to be discriminatory or harmful.

20.     Defendants admit there was a dinner at Grand Teton Lodge Company but Defendants deny the remaining allegations of paragraph 20 of the Complaint.

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint.

22.     Defendants deny the allegations of paragraph 22 of the Complaint.

2

23.    Defendants deny the allegations of paragraph 23 Plaintiff's Complaint.

24.    Defendants deny the allegations of paragraph 24 Plaintiffs Complaint.

25.    Defendants deny the allegations of paragraph 25 Plaintiff's Complaint.

26.    Defendants admit Defendant Perriton may have called Plaintiff and sent him a text message and took his glasses to him.  However, Defendants deny the remaining allegations in paragraph 26 of the Complaint.

27.    Defendants are without knowledge or information sufficient to form a belief as to whether or not Plaintiff could sleep that night.  However, Defendants deny the remaining allegations of paragraph 27 of the Complaint.

28.    The allegations of paragraph 28 of the Complaint are vague and unintelligible. To the extent the allegations allege wrongdoing against the Defendants, the allegations are denied.

29.    Defendants admit the allegations of paragraph 29 of the Complaint.

30.    Defendants generally admit the allegations of paragraph 30 of the Complaint.

31.    Defendants admit generally the allegations of paragraph 31 Plaintiff's Complaint.

32.    Defendants generally deny the allegations of paragraph 32 Plaintiff's Complaint, admitting, however, that Defendant Perriton is taller than Cunningham.

33.    Defendants deny the allegations of paragraph 33 of the Complaint with respect to the allegation of harassment, but admit the remaining allegations of paragraph 33 of the Complaint.

34.    Defendants admit generally the allegations of paragraph 34 of the Complaint, denying, however, that Defendant Pirayesh 'insisted' on anything.

35.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint.

36.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint, denying specifically that Defendant Pirayesh yelled at Plaintiff.

37.    Defendants admit Plaintiff was driven to Wheatland.  However, Defendants deny

the implied assertion that Plaintiff was forced to sign anything and Defendants affirmatively

assert Plaintiff did read the document before he signed it.

      38.     Defendants admit the allegations of paragraph 38 of the Complaint.

### FIRST CLAIM FOR RELIEF
### (Title VII – Race Discrimination)

      39.     Defendants restate and incorporate by reference all of the answers in paragraphs 1

through 38, inclusive.

      40.     Defendants deny the allegations of paragraph 40 of the Complaint, affirmatively

asserting that Plaintiff resigned his employment.

      41.     Defendants deny the allegations of paragraph 41 of the Complaint.

      42.     As to the allegations of paragraph 42 of the Complaint, Defendants deny any

racial harassment of the Plaintiff and therefore no remedial action was necessary.

      43.     Defendants deny the allegations of paragraph 43 of the Complaint.

      44.     Defendants deny the allegations of paragraph 44 of the Complaint.

### SECOND CLAIM FOR RELIEF
### (Title VII – Retaliation)

      45.     Defendants restate and incorporate by reference all of the answers in paragraphs 1

through 44, inclusive.

      46.     Defendants deny the allegations of paragraph 46 of the Complaint.

      47.     Defendants deny the allegations of paragraph 47 of the Complaint.

      48.     Defendants deny the allegations of paragraph 48 the Complaint.

      49.     Defendants deny the allegations of paragraph 49 of the Complaint.

      50.     Defendants deny the allegations of paragraph 50 of Plaintiff's Complaint.

### THIRD CLAIM FOR RELIEF
### (42 U.S.C. § 1981 – Race Discrimination/Retaliation)

      51.     Defendants restate and incorporate by reference the answers of paragraphs 1

through 50, inclusive.

      52.     Defendants deny the allegations of paragraph 52 of the Complaint.

      53.     Defendants deny the allegations of paragraph 53 of the Complaint.

54.     Defendants deny the allegations of paragraph 54 of the Complaint.

55.     Defendants deny the allegations of paragraph 55 of the Complaint.

56.     Defendants deny any discriminatory or retaliatory conduct and deny all of the allegations of paragraph 56 of the Complaint.

57.     Defendants deny the allegations of paragraph 57 of the Complaint.

58.     Defendants deny the allegations of paragraph 58 of the Complaint.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state a claim for which relief can be granted.

2.     Even if true, which Defendants deny, Plaintiff's allegations do not rise to the level of a hostile work environment permeated with discriminatory intimidation, ridicule, and insult, sufficiently severe or pervasive to alter the conditions of Plaintiff's employment.

3.     The allegations of "mere offensive utterances" are insufficient to support a claim for relief under federal law.

4.     Plaintiff has failed to allege and cannot establish that he engaged in "protected activity" under federal law prior to his resignation from employment.

5.     At no time were Defendants aware of any "protected activity" on Plaintiff's part prior to the time when Defendant Wyoming Health Fairs decided to terminate Plaintiff's employment.

6.     Plaintiff has failed to allege and cannot prove any of the necessary elements of a claim of retaliation under federal law.

7.     Based on the information she possessed, Defendant Pirayesh's decision to terminate Plaintiff's employment was reasonable and appropriate and did not violate federal law and is protected by the Business Judgment Rule.

8.     Plaintiff has failed to mitigate his damages.

9.     Plaintiff was employed at will and could be terminated at any time for any reason or no reason. However, Plaintiff was given the opportunity to resign because of his behavior and conduct on September 14, 2012, in Jackson, Wyoming, which included public intoxication and physically threatening behavior.

10.     Although Defendant Pirayesh had preliminarily decided to terminate Plaintiff's employment when she learned of his conduct in Jackson, Wyoming, she decided to give him the opportunity to resign.  Plaintiff resigned his employment on September 15, 2012, by signing a written "Release" in return for severance pay in the amount of $1,086.55 and the promise of a neutral employment reference.  Plaintiff has thus waived or released any and all claims against the Defendants.

WHEREFORE, Defendants request this Court to dismiss Plaintiff's Complaint and deny him the relief requested, and enter judgment in Defendants' favor.

Dated this 24th day of April, 2015.

BAILEY, STOCK & HARMON P.C.

/s/_____

Henry F. Bailey, Jr.
221 East 21st Street
P.O. Box 1557
Cheyenne, WY  82003
307-638-7745

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April, 2015, I electronically filed the foregoing *Answer to Complaint* with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Bruce T. Moats
Law Office of Bruce T. Moats, P.C.
2515 Pioneer Avenue
Cheyenne, WY 82001

/s/_____

Henry F. Bailey, Jr.